BELMONT IRON WORKS, Respondent, *v.* PACIFIC COAST DIRECT LINE, INC., Appellant.

First Department, November 27, 1936.

*Aaron U. Homnick* of counsel [*John W. Van Gordon,* attorney], for the appellant.

*Ernie Adamson,* for the respondent.

UNTERMYER, J. The action is to recover a sum claimed to have been wrongfully collected by the defendant as freight for the transportation of structural steel consigned by the plaintiff from Chester, Pa., to Pearl Harbor, Hawaii. In May, 1934, the plaintiff wrote to Sobelman & Co., the defendant's Philadelphia agents, requesting a rate on such a shipment. Sobelman & Co. communicated with the defendant, which, by letter of May 24, 1934, quoted a rate of nine dollars and eighty cents per ton of two thousand pounds or forty cubic feet, " at steamer's option." Sobelman & Co. thereupon wrote to the plaintiff confirming the booking " at a through rate of $9.80 per ton of 2000 lbs.," omitting to state that at steamer's option the rate would be nine dollars and eighty cents per forty cubic feet if that rate would produce a greater revenue. The present litigation arises in consequence of this omission, resulting in a charge by the defendant amounting to $3,139.50 over the contract price, which the plaintiff eventually paid under protest.

The question now is whether the contract to charge nine dollars and eighty cents per ton as stated in the letter of Sobelman & Co., if performed, would violate the Shipping Act of 1916 (Sept. 7, 1916, chap. 451, §§ 1–44; 39 U. S. Stat. at Large, 728 *et seq.* as amd.; U. S. Code, tit. 46, § 801 *et seq.*) in that it would constitute a discrimination in favor of the plaintiff as against other shippers of similar merchandise. If such is the effect of the agreement, then it is manifestly unenforcible and the plaintiff may not recover the excess paid. (*Gulf, Colorado, etc., R. Co.* v. *Hefley*, 158 U. S. 98; *Texas & Pacific R. Co.* v. *Mugg*, 202 id. 242; *Louisville & Nashville R. R. Co.* v. *Maxwell*, 237 id. 94; *Pittsburgh, etc., R. Co.* v. *Fink*, 250 id. 577; *Louisville & Nashville R. R. Co.* v. *Central Iron Co.*, 265 id. 59.)

We are of opinion that the contract, if enforced, would result in unlawful discrimination. The defendant was one of a number of carriers which on March 21, 1934, had entered into an agreement with other lines containing a provision that " the through rates will be no lower than those established by the Atlantic/Gulf Hawaiian Islands Conference." That agreement was submitted to the United States Shipping Board Bureau, which duly approved it on May 12, 1934, in accordance with section 15 of the Shipping Act. The conference agreement, incorporated in a tariff filed with the Shipping Board (known as " Freight Tariff No. 1 "), by rule 18 provides that " unless otherwise specifically provided, rates are per ton of 2000 lbs. or 40 cft., ship's option, the rate giving the greater revenue will be applied." Thus, by its agreement of March 21, 1934, approved by the Shipping Board pursuant to law, the defendant adopted the rates established by the Atlantic and Gulf Hawaiian

Islands Conference as the minimum rates to be charged. It is fair to assume in the absence of any evidence to the contrary that these are the rates which, in accordance with its contract, duly filed and approved, the defendant has uniformly charged the shippers of such merchandise. It may be true, as the respondent maintains, that the Shipping Act, and section 18 in particular, unlike the Interstate Commerce Act, does not provide for the determination and enforcement by the Shipping Board of minimum rates but only of maximum rates. It is, therefore, argued that the defendant could charge as low a rate as it pleased without violating any statute, even though in so doing it should violate its contract with other lines. Assuming this to be true where the same rate is applied to all, it ceases to be true if a particular shipper, whether by inadvertence or design, is accorded an advantage which is not available to others, in violation of the definite provisions of the Shipping Act against unjust discrimination. (§§ 16 and 17.) Those provisions are violated if the plaintiff may pay a lower rate on its consignment of structural steel than the conference rate which is applied to identical consignments by others. (*Prince Line, Ltd.*, v. *American Paper Exports, Inc.*, 45 F. [2d] 242; affd., 55 id. 1053.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.